**TABERS MARKETING CORPORATION, INC., doing business as Tabers Wrecker Service Plaintiff–Appellee,**

v.

**Doris HOPPER; Hopkinsville–Christian Country Emergency Operations Center Defendants–Appellants.**

No. 00–5819.

United States Court of Appeals, Sixth Circuit.

Aug. 1, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges, WELLS, District Judge.*

PER CURIAM.

Plaintiff, Tabers Marketing Corp., Inc. ("Tabers"), a wrecker service, timely appeals from an order by the District Court granting summary judgment for defendants, a local governmental unit organized in 1978 to provide a central dispatch system for regional emergency services in Western Kentucky, which in 1996 was incorporated as the Hopkinsville–Christian County Emergency Operations Center ("EOC"), and its director, Doris Hopper,

---

* The Honorable Lesley Wells, United States District Court for the Northern District of Ohio, sitting by designation.

on claims arising under 42 U.S.C. § 1983 and state law.[1]

Although the parties and the District Court addressed matters of state law, the only federal question presented on appeal lies in plaintiff's due process claim, framed as a "void for vagueness" argument.[2] As we are unable to find any support for plaintiff's due process argument, we will affirm the District Court to the extent it granted summary judgment to defendants on Tabers' 42 U.S.C. § 1983 claims. However, as explained below, we do so for reasons different than those relied upon by the District Court. See, *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir.1985). ("A decision below must be affirmed correct for any reason, including a reason not considered by the lower court.")

This Court has jurisdiction under 28 U.S.C. § 1291.

### Background

The EOC formed in 1978 to provide centralized emergency dispatch services to four local government units for fire, police, ambulance, disaster, emergency services, and rescue squads, as well as enhanced 911 telephone service.

Until August of 1998, the EOC contacted local wrecker services, under non-exclusive one-year agreements, rotating names sequentially off of first two lists and then, in 1996, a consolidated list of wrecker service companies.

In August 1998, due to various public and police complaints about the quality of wrecker services, the EOC instituted a new system, inviting all current wrecker services to submit bids as well as advertising for other bidders in the local newspaper. Under the new system, the EOC would award one-year contracts with options to renew for an additional four years. The two successful bidders would be called by the EOC, in turn, to respond unless a private party needing wrecker services requested a different company. Members of the public were billed directly by the wrecker companies for their services. A wrecker service's past performance was among the evaluation specifications. Tabers, which before August of 1998 had been suspended from the EOC list for 90 days for responding to calls assigned to other wrecker services, was among eight who submitted bids under the new system. In October 1998, the EOC rejected six bidders, including Tabers. The two successful bidders, Jones Bros. Towing and Trucking, Inc. and Wrecker Service, Inc., had no complaints in the EOC files. The EOC decided Tabers did not meet the bid specification and criteria for "prior wrecker service performance."

Tabers filed a motion for partial summary judgment in District Court July 11, 2002 asserting violations of the Kentucky Constitution and seeking a ruling that the EOC bidding specifications were vague and "constitutionally invalid." The EOC sought summary judgment on ground the awarding of franchises did not offend Kentucky law and that the bidding procedures were proper.

---

1. Tabers sued the EOC alleging violations of its rights to due process, equal protection and just compensation, and also challenged the EOC's decision as having violated the Kentucky Constitution franchise provision.

2. Although Tabers states it seeks review of the District Court's decision to deny the motion for preliminary injunction, the notice of appeal shows the only order appealed is the 16 May 2001 summary judgment order. (Appellant's Final Brief at 25–26). See, Fed. R.App. P. 3(c)(1)(B). The notice of appeal requirement is jurisdictional and cannot be waived. See, *United States v. Universal Mgt. Servs., Inc.*, 191 F.3d 750, 756 (6th Cir.1999).

In response, the Court addressed a single issue: whether the contracts awarded to the two successful bidders were franchises under Kentucky law. Finding that "the actions of the EOC do not fall under Kentucky franchise law," the court granted defendants' motion for summary judgment. (Order 16 May 2000, Joint Appendix at 0047).

### Discussion

The agreement under which Tabers had provided EOC wrecking service had expired under its own terms prior to the 1998 bid-franchise system. Tabers has not shown either a constitutionally protected property right nor a protected interest. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Like procedural due process violations, substantive due process violations must be grounded in a constitutionally protected property or liberty interest, which Tabers has failed to show.

Tabers asserts that because the EOC bid specifications did not define the criteria of "past performance", "this concept should be determined to be void for vagueness and unconstitutional when used as the defining criteria for determining the denial of the franchise, and voided as bid criteria." (Appellant's Final Brief at 24). This asserted due process claim challenges not a statute, the usual focus of void for vagueness inquiry, but a bid specification in a public contract. Tabers does not support its vagueness argument with any citation to authority. Moreover, in the context of the bid, there is nothing vague about the criteria "past performance." It is what it says it is.

### Conclusion

The order of the District Court granting summary judgment in favor of the EOC with respect to Tabers' § 1983 claims is affirmed. This case is remanded to the District Court with the understanding that, as no federal claims remain, it may choose to decline to exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

